(88 Misc. Rep. 706)

## In re SECURED HOLDINGS CORPORATION.

### BIRDSEYE v. KING.

(Supreme Court, Special Term, New York County. January, 1915.)

1. ATTORNEY AND CLIENT (§ 60*)—SUSPENSION—PROSECUTION OF OWN SUIT.
      Under Code Civ. Proc. § 55, providing that a party to a civil action of full age may prosecute it in person or by attorney, unless he has been judicially declared to be incompetent to manage his affairs, and section 65, providing that, if an attorney is suspended before judgment in an action, no further proceeding shall be taken against his client until 30 days after notice to appoint another attorney, plaintiff's suspension did not prevent him from continuing to act in person in the prosecution of his own suit.
      [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 83; Dec. Dig. § 60.*]

2. LIS PENDENS (§ 20*)—MOTION TO CANCEL—SPECIAL PROCEEDING.
      An application or motion to cancel a lis pendens by a person not a party to the action must be made as a special proceeding.
      [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 33; Dec. Dig. § 20.*]

---

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. LIS PENDENS (§ 15*)—CANCELLATION—STATUTE.
    Under Code Civ. Proc. § 1670, providing that, in an action to recover a judgment affecting the title to or the possession or use of real property wherein the complaint is verified, the plaintiff may, before a final judgment, file in the clerk's office of each county where the property is situated a notice of the pendency of the action, plaintiff, in an action charging defendants with a conspiracy to injure him, and demanding only a money judgment, was not entitled to file a lis pendens.
    [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 24; Dec. Dig. § 15.*]

Action by Clarence F. Birdseye against Henry G. King and others. On motion by the Secured Holdings Corporation for reargument of motion to cancel and strike from the docket a lis pendens. Motion for reargument, and original motion to cancel and strike lis pendens, granted.

A. P. Bachman, of New York City, for petitioner.
Clarence F. Birdseye, of New York City, in pro. per.

GIEGERICH, J. This application for a reargument of a motion to strike from the county clerk's docket the lis pendens in an action brought by Clarence F. Birdseye against Henry G. King and others was referred to me by the judge who heard the application originally, with the express request that the application be considered as though it were the original motion and irrespective of any views expressed when the matter was first presented.

[1] The first question to be considered is whether the suspension of the plaintiff from practice as an attorney has the effect of preventing him from continuing to act in person in the prosecution of his suit. I am satisfied that the act of the Appellate Division in suspending him from practice was not intended to have, and does not have, such an effect. Section 55 of the Code of Civil Procedure provides that:

"A party to a civil action who is of full age may prosecute or defend the same in person or by attorney, at his election, unless he has been judicially declared to be incompetent to manage his affairs."

Section 65 provides:

"If an attorney dies, is removed or suspended, or otherwise becomes disabled to act, at any time before judgment in an action, no further proceeding shall be taken in the action, against the party for whom he appeared, until thirty days after notice to appoint another attorney, has been given to that party, either personally, or in such manner as the court directs."

It is argued on behalf of the plaintiff that this provision is applicable to his case under the present circumstances. I do not think it is applicable. The plaintiff is not prosecuting his action as an attorney, but in his individual capacity. The fact that he is an attorney is purely fortuitous, and of no consequence whatever. His rights are no more and no less than as though he were a plumber or an engineer, and the fact that he has been deprived of his special privilege to practice as an attorney no more affects his individual right to prosecute his own action than would the loss by a plumber or an engineer

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of his special license or privilege deprive him of his individual right to appear for himself in legal proceedings. By the order of the Appellate Division he is "suspended from practice as an attorney and counselor at law," but there is no prohibition against his appearing in court and prosecuting or defending an action in his individual capacity.

[2, 3] The next question is whether the motion to cancel the lis pendens should be granted. The action is not brought against the Secured Holdings Corporation, which makes this motion, but against various persons, who are charged with a conspiracy to injure the plaintiff, and the only relief demanded is a money judgment. The application has to be made as a special proceeding, because the person complaining is not a party to the action. I fail to see any ground upon which the plaintiff can base a claim to a right to a lis pendens. Section 1670 of the Code of Civil Procedure defines the cases in which a plaintiff has such a right as follows:

"In an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real property, if the complaint is verified the plaintiff may, when he files his complaint, or at any time afterwards before final judgment, file, in the clerk's office of each county where the property is situated, a notice of the pendency of the action, stating the names of the parties, and the object of the action, and containing a brief description of the property in that county, affected thereby."

It needs no argument to show that a plaintiff who brings an action for a money judgment is not within the provisions quoted. The motion for a reargument is therefore granted, and the original motion to cancel the lis pendens and strike it from the county clerk's docket is granted, with $10 costs against Clarence F. Birdseye.

Settle order on notice.